**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COTTAGE GROVE GLASS 7403, INC., ) <br> ) <br> Defendant. ) | Case No. 16 C 1984 <br><br> Honorable Elaine E. Bucklo |

**PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (collectively herein referred to as the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against Defendant, Cottage Grove Glass 7403, Inc., pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiffs by and through their attorneys state the following:

1. On February 5, 2016, Plaintiffs filed a Complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times the Defendant, Cottage Grove Glass 7403, Inc. (the "Company"), has an obligation, arising from a collective bargaining agreement ("CBA") to make

1

contributions to Plaintiffs' funds, to submit to an audit upon demand, and to obtain and maintain a surety bond. Plaintiffs attached a copy of the CBA to the Complaint. In the Complaint, Plaintiffs specifically alleged that Defendant failed to report and pay contributions from September 2015 to the present. Plaintiffs' requested relief included producing books and records for an audit upon Plaintiffs' request (See Docket No. 1).

2. On February 18, 2016, the Summons and Complaint were served upon the Company's registered agent and president, Patricia King (See Docket No. 4, Affidavit of Service).

3. On June 1, 2016, the Court found the Defendant in default (See Docket No.7, Minute Order).

4. The Funds' selected the independent auditing firm of Richard J. Wolf and Company, Inc., to perform a compliance payroll audit as required by the CBA. The audit report dated May 25, 2016 is attached hereto as Exhibit 1 (See Exh. 1, Audit Report).

5. On May 31, 2016, a letter and a copy of the auditors' report was sent to the Company with a deadline for presenting any objections to the audit report on or before June 16, 2016 (See Exhibit 2, Demand Letter). The Company has failed to present evidence to support challenges to the audit– despite the undersigned counsel allowing the Company added time to present such evidence.

6. As established by the Funds' Field Department Director, Jean Mashos, the Funds' auditors review of the Defendant's records, reflects contributions due to the Funds for the period covering September 9, 2015 through March 31 2016, including principal contributions owed to the Welfare, Retiree Welfare, Pension, Training, LECET, LMCC and CAICA funds, and for Union dues in the total amount of $68,005.66 (See Exh. 3, Affidavit of Jean Mashos; and Exh. 2, Audit Report).

7. According to the CBA, the Master Agreement and the respective Trust Agreements

to which Defendant is bound, payment is also owed for liquidated damages in the amount of twenty percent (20%) of the unpaid or late contributions to the Welfare, Welfare Retiree, Pension, and Training funds, and ten percent (10%) of the principal amount of delinquent contributions to the LECET, LMCC, CAICA funds and for Union dues. Additionally, interest is calculated at twelve percent (12%) and is owed for all delinquencies. As established by Ms. Mashos's Affidavit, the liquidated damages owed to the Welfare, Welfare Retiree, Pension and Training funds amount to $13,163.47 and the liquidated damages owed to the LMCC, CAICA and LECET funds, and for Union dues, amount to $218.82. And interest is due in the amount of $3,299.02 (See, Exh. 3, Mashos Affidavit at ¶¶6-7). These amounts are further detailed in the Funds' summary report that is attached hereto as Exhibit 4.

8. The cost of the audit billed to the Funds was $855.00, which the Defendant is also obligated to pay, based on the respective agreements to which it is bound (See Exh. 3, Mashos Affidavit at ¶8; and Exh. 2, Audit Report).

9. Plaintiffs are also entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees and costs incurred in this matter are $6,245.00 (See, Exhibit 5, Schumann Affidavit; and Exhibit 5A, Fee Report).

**WHEREFORE,** Plaintiffs request entry of judgment against the Defendant, requesting that the Court order judgment to be entered in the total amount of $91,786.97. Furthermore, Plaintiffs request the Court's order specify that, as required by the collective bargaining agreement, the Company provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago,

IL 60606, within sixty (60) days from the date of the Court's order.

                                                  Respectfully submitted,

                                                  /s/ Sara S. Schumann
                                                  *One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

August 12, 2016